**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| | § | |
| 7502 HARRISBURG LLC | § | CASE NO. 24-31002 |
| | § | |
| DEBTOR | § | |

**EMERGENCY MOTION TO SHOW CAUSE AND FOR SANCTIONS AS TO**
**ALBERT ORTIZ AND SANDRA CEPEDA, INDIVIDUALLY**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that emergency consideration is not warranted, you should file an immediate response.**

**RELIEF IS REQUESTED PRIOR TO 12:00 PM ON MAY 7, 2024**

TO THE HONORABLE BANKRUPTCY JUDGE CHRISTOPHER M. LOPEZ:

Pursuant to 11 USC §1112(b), Texas Funding Corporation ("Texas Funding"), a secured creditor herein, respectfully submits its Emergency Motion to Show Cause against the Debtor 7502 Harrisburg, LLC, and Emergency Motion for Sanctions against Albert Ortz and Sandra Cepeda, Individually (the "Motion") and would show the Court as follows:

## I.   SUMMARY of ARGUMENT

1. On April 9, 2024, this Court issued an Order allowing Texas Funding to foreclose on the real property owned by Debtor 7502 Harrisburg, LLC located 7502 and 7510 Harrisburg, Houston, Texas 77011 and further described in the Note and Deed of Trust (the "Property") previously filed in this case. The foreclosure sale is scheduled for today, May 7, 2024 between 10am and 1pm as set forth by Texas law.

2. At 10:01 am on May 7, 2024, Albert Ortiz ("Ortiz") sent the attached email and documents to the undersigned counsel for Texas Funding, and the foreclosure counsel for Texas Funding, John Bolen, stating that the ownership of Debtor has been transferred by Sandra Cepeda ("Cepeda") to Ortiz, and eventually to GH Reid Enterprises, LLC ("GH Reid"). In addition to Debtor being in Chapter 11 Bankruptcy in this current cause, GH Reid is currently in Chapter 11 Bankruptcy pending before Judge Norman in Case No. 23-34381.

3. As such, Ortiz claims that the bankruptcy of GH Reid precludes the foreclosure of the Property in spite of this Court's Order of April 9, 2024 and the other orders issued by this Court in the bankruptcy of Ortiz's other entity, Anchor Development Group, LLC that is pending before this Court as Case No. 22-60051 (CML); *In Re: Anchor Development Group, LLC*.

4. Cepeda and Ortiz did not seek authority or approval from this Court prior to transferring Debtor from Cepeda to Ortiz. Ortiz nor GH Reid sought approval from Judge Norman prior to GH Reid allegedly buying the assets and property of Debtor.

5. Texas Funding now comes to this Court to ask for an order confirming that today's scheduled foreclosure sale may proceed as previously ordered, that the "the agreements which transferred ownership of 7502 Harrisburg LLC ("7502H") from Sandra Cepeda to eventually GH

Reid Enterprises LLC" are void, sanctions against Ortiz and Cepeda, individually, and a show cause order regarding the contempt of Debtor, Ortiz and Cepeda.

## II. EXPEDITED HEARING REQUESTED

6. Texas Funding requests an expedited hearing on this Motion due to egregious, contemptuous, illegal, and outrageous actions of Debtor, Ortiz and Cepeda attempting to flagrantly and willfully violate bankruptcy law and the orders of this Court.

7. The delay in the foreclosure of the Property has caused additional delays in the related case of Anchor Development Group, LLC.  Until the Property is foreclosed upon, the final administration of Anchor Development Group, LLC's Chapter 7 case cannot be concluded.  As such, Texas Funding requests expedited relief prior to noon on May 7, 2024 so that it may comply with the required statutory deadlines in the *Texas Property Code* § 51.001 and complete the foreclosure sale as previously ordered.

## III. JURISDICTION

8. On March 5, 2024, Debtor 7502 Harrisburg, LLC ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  This case is currently a Chapter 11 proceeding and has not been previously converted.

9. This Court has jurisdiction of this Motion under 28 USC §§ 157 and 1334 and 11 USC §§ 1112(b) and 105(a).

## IV. BACKGROUND and FACTS

10. This Court is extensively aware of the background and facts, but in addition to the above, Texas Funding incorporates its previous Motion to Dismiss Debtor's bankruptcy as filed on March 22, 2024 in Doc 11, including all documents and attachments thereto.

## IV.   ARGUMENTS

11. Debtor, Ortiz, and Cepeda purportedly agreed on May 6, 2024 to transfer the Property and the business of Debtor from Cepeda to Ortiz, and then to GH Reid. The attached email sent by Ortiz to the undersigned on May 7, 20024 contains two Summary Sale and Purchase Agreements, one from Cepeda to Ortiz for Debtor, and the second from Ortiz, individually, to GH Reid.

12. Both these supposed agreements are in violation of the bankruptcy law, involve two entities in Chapter 11, were done without any court approval, and were done in direct violation of this Court's previous orders as to Ortiz and the Property.

13. A Court has the inherent authority to hold parties in contempt and to punish parties for the violation of its orders and the law.

14. Texas Funding now comes to this Court to ask for an order confirming that today's scheduled foreclosure sale may proceed as previously ordered, that the "the agreements which transferred ownership of Debtor from Sandra Cepeda to Ortiz and then eventually GH Reid is void, a request for sanctions against Ortiz and Cepeda, individually including monetary and attorney's fees, and a show cause order regarding the contempt of Debtor, Ortiz and Cepeda

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Texas Funding respectfully requests that upon consideration of this Motion that Texas Funding be awarded the above requested relief and Texas Funding respectfully requests further relief as this Court deems just and proper.

Dated:  May 7, 2024

**J D HERBERGER & ASSOCIATES, PC**

By: /s/ *Sean M. Rooney*

    Sean M. Rooney
    State Bar No.: 24058714
    sean@herbergerlaw.com
    11767 Katy Freeway, Suite 920
    Houston, Texas 77079
    Telephone:  (281) 920-4700
    Facsimile: (281) 920-4711

**Edgar A. Goldberg, Attorney at Law**

    Edgar Goldberg
    State Bar No.:08075100
    edgar@eagoldberglaw.com
    6525 Washington Avenue
    Houston, Texas 77007
    Telephone:  (713) 629-5889
    Facsimile: (713) 629-5879

**ATTORNEYS FOR CREDITOR
TEXAS FUNDING CORPORATION**

## CERTIFICATION

    I, Sean M. Rooney, hereby certify that I have read the forgoing motion and to my knowledge all the facts stated therein are true and correct.

    /s/ *Sean M. Rooney*
    Sean M. Rooney

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was duly served by the Electronic Case Filing System for the United State Bankruptcy Court for the Southern District of Texas on 7th day of May, 2024.

    /s/ *Sean M. Rooney*
    Sean M. Rooney